The Honorable David R. Malone State Senator PO Box 1048 Fayetteville, AR 72701
Dear Senator Malone:
You have requested an opinion regarding the Arkansas Freedom of Information Act, the same being Ark. Stat. Ann. 12-2801 et seq. Specifically, you ask
Is the investigative file of a municipal police department subject to inspection and copying by a defendant who has been acquitted by a jury of criminal charges brought as a result of the municipal police department's investigation?
Included with your request is a letter of denial for such a file issued by Fayetteville City Attorney Jim McCord. The answer to your question is yes.
Ark. Stat. Ann. 12-2804 provides in pertinent part:
 It is the specific intent of this section that the following shall not be deemed to be made public under the provisions of this Act: . . . undisclosed investigations by law enforcement agencies of suspected criminal activity; . . .
City Attorney McCord properly notes in his denial of the request for the records in question that neither the Arkansas General Assembly, nor any state court has ever defined "undisclosed" for purposes of the criminal investigation exemption of the Freedom of Information Act.
However, if has been the advice of this office, to both clients and non-clients alike, that an investigative file becomes subject to the provisions of the Freedom of Information Act at such time the case file is considered to be closed, be that by administrative action, a running of the statute of limitations, or by conviction or acquittal. I believe this position to be consistent with both the spirit and intent of the Act.
The Arkansas Supreme Court has stated that the Freedom of Information Act is to be interpreted in such a way as to favor public disclosure. Laman v. McCord, 245 Ark. 401 (1968). Therefore, the spirit of the law tips the balance in favor of full disclosure.
As to intent, the language used by the legislature clearly indicates that only "undisclosed" investigations are shielded from public view. Conversely then, a "disclosed" investigative record would be subject to public inspection. Once an investigative file has been closed and no further action can be taken, public availability no longer poses a threat to law enforcement.
Again, this view differs from the denial issued by City Attorney McCord. He bases his opinion on the Massachusetts Supreme Court decision in Bougas v. Chief of Police of Lexington, 354 N.E.2d 872
(Mass. 1976). Massachusetts General Law c. 4 Sec. 7, subd. 26 states in pertinent part:
 (f) investigatory materials necessarily compiled out of the public view by law enforcement or other investigatory officials the disclosure of which materials would probably so prejudice [prejudice] the possibility of effective law enforcement that such disclosure would not be in the public interest.
As you can see, the Massachusetts law differs substantially from Arkansas' in that the Massachusetts law exempts the type of record which may be released, while Arkansas' statute limits when a record may be made public. I therefore do not believe the doctrine expressed in Bougas to be applicable.
In sum, the investigatory records of a law enforcement agency become subject to the public inspection provisions of the Ark. Stat. Ann. 12-2804 upon closure of the file.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.